# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 19, 2008

Charles R. Fulbruge III
Clerk

No. 07-50786
Conference Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

AMBROSIO GUTIERREZ GOMEZ, also known as Bocho

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:04-CR-2653-5

Before JONES, Chief Judge, and JOLLY and DENNIS, Circuit Judges.

PER CURIAM:[*]

Ambrosio Gutierrez Gomez (Gutierrez) appeals the sentence imposed following his conviction for conspiracy to launder monetary instruments. Gutierrez argues that the sentence violated the Sixth Amendment under United States v. Booker, 543 U.S. 220 (2005), because the advisory guidelines range was based upon money laundering transactions that were not admitted by him or proven beyond a reasonable doubt.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Sentencing in this case was held two and a half years after Booker was decided, and the district court clearly indicated that it knew that the Guidelines were advisory. By rendering the Sentencing Guidelines advisory only, Booker eliminated the Sixth Amendment concerns that prohibited a sentencing judge from finding all facts relevant to sentencing. United States v. Mares, 402 F.3d 511, 519 (5th Cir. 2005). Post-Booker, "[t]he sentencing judge is entitled to find by a preponderance of the evidence all the facts relevant to the determination of a Guideline sentencing range and all facts relevant to the determination of a non-Guidelines sentence." Id.; see United States v. Johnson, 445 F.3d 793, 798 (5th Cir. 2006). Gutierrez has not shown that the sentence violated the Sixth Amendment.

AFFIRMED.